# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,        )
                                 )
     *Plaintiff*,               )
                                 )
v.                               )        Case No. CR-18-58-D
                                 )
BRANDI JENNINGS,                 )
                                 )
     *Defendant*.              )

## ORDER

Before the Court is Defendant Brandi Jennings' Motion for Early Termination of Supervised Release [Doc. No. 4]. The government filed a response [Doc. No. 8] in opposition.[1] The U.S. Probation Office submitted a separate report [Doc. No. 9] to the Court, recommending that Defendant's request be denied.

## BACKGROUND

Defendant was convicted of conspiracy to distribute a schedule II controlled substance, in violation of 21 U.S.C. § 846, and sentenced to 96 months imprisonment followed by four years of supervised release. According to the terms of her supervision, which began on February 16, 2018, Defendant was to refrain from using controlled substances. Report at 1. On June 23, 2020, Defendant filed for early termination of supervised release. Although the probation officer originally supported this motion, the

---

[1] Initially, the government did not object to Defendant's request. *See* Initial Response [Doc. No. 7]. Thereafter, the Court was alerted to the fact that Defendant failed a drug test, which was positive for methamphetamine [Doc. No. 9]. The government then filed a second response in opposition.

government received notice of a positive urine sample, indicative of amphetamine use, on June 26, 2020.  On July 5, 2020, the initial test results were confirmed.  Because of that test, the government now recommends no court action be taken at this time and that early release be denied.

## STANDARD OF DECISION

Pursuant to 18 U.S.C. § 3583(e)(2), the Court may modify the terms of a supervised release order. The statute provides in pertinent part:

> The court may ... modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure1 relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

According to FED. R. CRIM. P. 32. 1(c)(2)(B), a hearing is generally required where modification is requested. A hearing is not necessary if Defendant requests a favorable modification and the attorney for the government does not oppose the requested relief. FED. R. CRIM. P. 32. 1(c)(2)(C). In this case, the government opposes Defendant's requested modification. Defendant, however, does not request a hearing on the Motion.[2]

The government and the Probation Office oppose Defendant's request, and supervised release is part of the penalty for Defendant's offense. *United States v. Cordova*, 461 F.3d 1184, 1186 (10th Cir.2006). One of its purposes is to "provide rehabilitation and

---

[2] Also, if upon consideration of the record the Court determines that a requested modification will not be approved, a hearing is not required. *United States v. Insaulgarat*, 280 Fed. App'x. 367, 368 (5th Cir.2008) (unpublished opinion) (citing *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir.2003)); *see also United States v. Yung*, 1998 WL 422795 n. 1 (D. Kan. June 12, 1998) (unpublished opinion).

oversight of the offender to deter their return to crime." *Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C.2010).  Despite being initially compliant with the conditions of her supervised release, the recent positive urine test indicates Defendant will benefit from further correctional treatment.

**IT IS THEREFORE ORDERED** that Defendant's Motion [Doc. No. 4] is **DENIED**.

**IT IS SO ORDERED** this 11th day of August, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

3